UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL IPPERT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10CV01947AGF ) |
| SCHWAN'S HOME SERVICE, INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Schwan's Home Service, Inc. to transfer the case pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Kansas, sitting in Topeka, Kansas. For the reasons set forth below, this motion shall be granted.

## BACKGROUND

Plaintiff, a resident of Potawatomie County, Kansas, alleges that he was injured in a two-car accident that occurred in Potawatomie, Kansas, on March 11, 2009. Plaintiff alleges that the accident was a result of the negligence of Schwan's employee, Steven Yates, and seeks damages for "severe, permanent and progressive injuries." Plaintiff, whose two law firms are located in Kansas City, Missouri and St. Louis, Missouri, initially filed this action in the Circuit Court of the County of St. Louis. Schwan's, a Minnesota corporation with its principal place of business in Minnesota, removed the action to this Court under 28 U.S.C. § 1332. Plaintiff filed a motion to remand, asserting

that Defendant had failed to meet its burden to establish the requisite $75,000 amount in controversy, which motion was denied.

Defendant seeks to have the action transferred to the United States District Court for the District of Kansas, where Plaintiff resides and where the accident occurred. Defendant asserts that the records and all likely witnesses are located in Kansas, and Kansas law will control, that none of the facts giving rise to this lawsuit occurred in the Eastern District of Missouri, and none of the fact witnesses for either party are located in this district. In support of its motion, Defendant asserts that the driver, Yates, was residing in Kansas at the time of the accident; there were two passengers in Plaintiff's vehicle, both of whom were residents of Kansas; the only witness identified at the scene, Tom Vontz, was residing in Kansas; and that the Kansas Highway Patrol responded to the scene. Plaintiff was thereafter transported to the Wesley Medical Center, in Wichita, Kansas, where most of Plaintiff's care and treatment following the accident has been provided, and all of Plaintiff's medical treatment has been provided in Kansas. As a result, the medical records and accident records, and any witnesses necessary to testify regarding those records, are located in Kansas.

In his opposition, Plaintiff has neither disputed any of the facts asserted by Defendant, nor suggested any connection to the Eastern District of Missouri, other than the fact that Defendant was subject to service of process in this district. Nor has Plaintiff suggested any factor that would make this district a more convenient forum than the District of Kansas. Rather, Plaintiff asserts that Defendant has failed to establish the likely witnesses and the location of witnesses and records with sufficient certainty, and

2

that his choice of forum should therefore control, relying on *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923 (W.D. Mo. 1985).

## DISCUSSION

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer venue, courts engage in a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997). Factors which courts consider under the "convenience" prong include (1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law. The primary of these interests is the convenience of the witnesses. Insituform Techs., Inc. v. Corbitt, 2005 WL 2738374, at *5 (E.D. Mo. Oct. 24, 2005) (citations omitted).

Factors considered under the "interest of justice" prong include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. Terra Int'l, Inc., 119 F.3d at 696; Biometics, LLC v. New Womyn, Inc., 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000).

3

Federal courts generally give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, 119 F.3d at 695. The plaintiff's choice of forum is accorded less weight, however, where it is not the plaintiff's residence and the defendant has had little contact with the chosen forum. Biometics, LLC, 112 F. Supp. 2d at 875; Davidson & Assocs., Inc. v. Internet Gateway, Inc., 2003 WL 23709467, at *3 (E.D. Mo. Aug. 1, 2003). The plaintiff's choice of forum is also accorded less weight where the operative events giving rise to the lawsuit took place in another forum. GMAC/Residential Funding Corp. v. The Platinum Co. of Real Estate & Fin. Servs., Inc., 2003 WL 1572007 at *2 (D. Minn. March 13, 2003) (citing 17 Moore's Federal Practice § 111.13[1][c] ) ("a motion to transfer to the district in which the events occurred is likely to succeed"); Road Mach. & Supplies, Co. v. Fed. Signal Corp., 2003 WL 22326577, at *3 (D. Minn. Oct. 7, 2003). "The convenience of the plaintiff's counsel is not entitled to any weight in the analysis." Biometics, LLC, 112 F. Supp. 2d at 876.

Upon review of the record, the Court concludes that Defendant has met its burden of establishing that the case should be transferred to the District of Kansas. Plaintiff resides in that district, at the time of the events, all likely witnesses resided there, and the relevant records are found there. Plaintiff does not dispute that Kansas law will control, and indeed, in his proposed amended complaint has asserted that Mr. Yates' failure to yield constitutes per se negligence under Kansas law. Plaintiff has not shown <u>any</u> relevant connection between this action and this forum, and as such, transfer is appropriate.

The *Houk* case, upon which Plainiff primarily relies, does not suggest otherwise. While the court in *Houk* declined to transfer the case to Georgia, where the accident occured, in *Houk* the plaintiff was a resident of Missouri, most of the medical care he received was provided in Missouri, and the court was especially concerned that requiring the plaintiff to travel to Georgia for the litigation would either "pose a risk . . . to plaintiff's continued rehabilitation or effectively force him to abandon his right to be present at the trial of [the] lawsuit." *Houk*, 613 F. Supp. at 923. No such considerations are present here.

## **CONCLUSION**

The Court concludes that this case should be transferred to the United States District Court for the District of Kansas, where the injury-causing incident occurred.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to transfer is **GRANTED**. [Doc. #5]

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of August, 2011.